[Doc. No. 12]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LEWIS CRUSCO,<br><br>    Plaintiff,<br><br>  v.<br><br>LOCAL 804 INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES,<br><br>    Defendant. | Civil No. 11-6893 (AMD) |

**MEMORANDUM OPINION**

In this action presently before the Court, Plaintiff Lewis Crusco asserts three claims against Defendant Local 804 International Alliance of Theatrical Stage Employees (hereinafter, "Local 804" or "Defendant") arising from his termination as a broadcast technician with WPVI-TV6 ABC (hereinafter, "WPVI") in Philadelphia, Pennsylvania. Specifically, Plaintiff alleges that he was not recalled to his position with WPVI following his furlough in 2003, and that Local 804 breached a contractual obligation of fair representation and an alleged fiduciary duty owed to him with respect to the recall. Plaintiff further asserts that Defendant discriminated against him on the basis of age when WPVI allegedly hired two younger people for the position that he

asserts should have been his position.  Defendant asserts that Plaintiff's claims are barred by the applicable statutes of limitations and moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1), Fed. R. Civ. P. 73(b), and Rule 73.1 of the Local Civil Rules for the United States District Court, District of New Jersey.  For the reasons set forth herein, the Court grants Defendant's motion for judgment on the pleadings as to Counts One and Two, and remands the state law claims in Court Three to state court.

Plaintiff filed the original complaint in New Jersey Superior Court on November 1, 2011. (Complaint [Doc. No. 1-1].)  On November 23, 2011, Defendant removed the case to federal court asserting federal question jurisdiction. (Notice of Removal [Doc. No. 1] ¶¶ 5-6.)  In his complaint, Plaintiff alleges that he was a member of Local 804 and was employed as a broadcast technician in the field of television engineering for WPVI in Philadelphia, Pennsylvania from January 1998 until January 2003.  (Compl. ¶ 3.) He further alleges that in January of 2003, at the age of 56, he was furloughed from his job at WPVI.  (Id. ¶¶ 3-5.)  Plaintiff asserts that in May 2003, he received an honorable withdrawal card from Local 804 which "signified" that he had "the right of first

2

recall to his former job." (Id. ¶ 4.) Plaintiff alleges that in late November 2009, he learned that WPVI hired two younger individuals for his position. (Id. ¶ 8.) Plaintiff further alleges that he had been in the broadcast field since 1968 and had acquired three licenses which were necessary to qualify him to perform his job. (Id. ¶¶ 5-6.) Plaintiff alleges that WPVI hired one younger male who did not possess any of the three licenses which Plaintiff possesses and one younger female who had considerably less experience than Plaintiff. (Id. ¶ 8.) While Plaintiff does not refer to a collective bargaining agreement in his complaint, Defendant asserts in its answer that Defendant "fully and adequately represented Plaintiff in accordance with the terms of its then existing collective bargaining agreement with ABC, Inc., owner and operator of WPVI-TV." (Answer [Doc. No. 4] ¶ 9.)

In his complaint, Plaintiff asserts three counts for relief. In Count One, Plaintiff alleges a breach of contract and a breach of the covenant of good faith and fair dealing. Specifically, Plaintiff asserts his "membership in Local 804 created and constituted a contract between [Plaintiff] and Local 804, whereby Local 804 had a contractual duty to fairly and adequately represent the rights of [Plaintiff] with regard to his employment at WPVI-6 ABC" and that Defendant breached the contract.

3

(Compl. ¶¶ 11-12.) In Count Two, Plaintiff asserts that Local 804 had a fiduciary duty to him which it allegedly breached "by passing over [Plaintiff] for recall to broadcast technician positions at WPVI-6ABC, which had opened up after the plaintiff was furloughed." (Id. ¶ 15.) In Count Three, Plaintiff alleges that Local 804 discriminated against him because of his age, gender and race in violation of the New Jersey Law Against Discrimination (hereinafter, "NJLAD"). (Id. ¶ 17.)

In support of its motion for judgment on the pleadings, Defendant contends that Plaintiff's claims set forth in Counts One and Two are properly characterized as breaches of the duty of fair representation under § 301 of the federal Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, and are therefore governed by a six-month statute of limitations.  (Br. in Supp. of Def.'s Mot. for J. on the Pleadings [Doc. No. 12-1] (hereinafter, "Def.'s Br."), 2-3.)  Defendant asserts that Plaintiff failed to file his claims within the six-month statute of limitations. (Id. 5.) With respect to Count Three, Defendant asserts that because Plaintiff was employed in Pennsylvania, the claim is governed by Pennsylvania law, and that Plaintiff failed to exhaust the administrative remedy requirements set forth under the Pennsylvania Human Relations Act (the "PHRA"), 43 PA. CONS. STAT. ANN. §

4

962(c)(West 2012).  Defendant further asserts that the time period for exhaustion under the PHRA has expired and that, therefore, the claim must be dismissed.

Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). When considering a motion for judgment on the pleadings, courts apply the same standard of review as a motion to dismiss filed pursuant to FED. R. CIV. P. 12(b)(6).  Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991); see also Suchocki v. Gilchrist, No. 11-4626, 2012 WL 1600124, at *2 (D.N.J. May 7, 2012). Under FED. R. CIV. P. 12(b)(6), a court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(quoting Pinker v. Roche Holding Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  To survive a motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

Defendant asserts that Plaintiff's first and second

5

counts should properly be characterized as federal claims under the LMRA, 29 U.S.C. § 185, and accordingly, are governed by the six-month statute of limitations for claims brought under § 301 of the LMRA. (Def.'s Br. at 2-3.) Defendant further asserts that the latest date on which the statute of limitations began to accrue was sometime in late November 2009 which, as alleged in Plaintiff's complaint, is when Plaintiff learned that Local 804 did not recall him for his position. (Id. at 5.) In response to this argument, Plaintiff counters that the first two counts are state common law causes of action governed by a six-year statute of limitations under New Jersey law. (Pl.'s Br. in Opp'n to the Mot. for J. on the Pleadings of Def. Local 804 [Doc. No. 22] (hereinafter, "Pl.'s Br."), 2.)[1]

Defendant asserts that Plaintiff's claims arise under § 301(a) of the LMRA.[2] However "a suit properly brought under § 301

---

[1] Plaintiff additionally asserts that no federal causes of action have been pled, but that Defendant removed the case on the "theory that the actions pleaded involved federal law." (Pl.'s Br. 2.) Plaintiff, however, has not filed a motion for remand and the Court, as set forth infra, finds that the first two causes of action assert federal claims for breach of the duty of fair representation. Therefore, jurisdiction in this Court is appropriate at this time. See Richardson v. United Steelworkers of Am., 864 F.2d 1162, 1170 (5th Cir. 1989).

[2] Section 301(a) provides:
    Suits for violation of contracts between an employer and a labor organization representing employees in an

6

must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor organizations." Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 98 (1991). Here, Plaintiff has sued his union and not his employer. Consequently, Plaintiff's suit arises not expressly under § 301, but under the "union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983).[3] Under this implied duty, the representative organization must "'serve the interests of all

---

    industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.  29 U.S.C. § 185.

[3] An employee may assert both claims against an employer under § 301 and against a union for breach of the duty of fair representation. DelCostello, 462 U.S. at 165; see also Felice v. Sever, 985 F.2d 1221, 1226 (3d Cir. 1993)(noting that "[o]rdinarily, an employee files a claim against the union alleging breach of the duty of fair representation together with a claim against the employer alleging breach of the collective bargaining agreement in a 'hybrid' section 301/duty of fair representation suit"). However, "[a] plaintiff who has a viable 'hybrid' claim against both the employer and the union may opt to bring only the section 301 claim against the employer or the breach of duty of fair representation claim against the union." Felice, 985 F.2d at 1226 (citing DelCostello, 462 U.S. at 165). Here, Plaintiff has only asserted claims against his union.

members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" Id. at 165 n. 14 (quoting Vaca v. Sipes, 386 U.S. 171, 177 (1967)). Federal law, therefore, governs the duty of fair representation arising from the union's "status as [the] exclusive collective bargaining agent under the NLRA." Richardson v. United Steel Workers of Am., 864 F.2d 1162, 1167 (5th Cir. 1989).

In his first count, Plaintiff asserts that Local 804 was required to represent Plaintiff regarding his right to employment at WPVI. (Compl. ¶¶ 9, 11, 14.) Plaintiff further alleges that "Mr. Crusco's membership in Local 804 created and constituted a contract between Mr. Crusco and Local 804, whereby Local 804 had a contractual duty to fairly and adequately represent the rights of Mr. Crusco with regard to his employment at WPVI-6 ABC." (Id. ¶ 11.) Plaintiff does not allege that there is a collective bargaining agreement, nor does plaintiff articulate in any manner the nature of the contract he asserts has been breached. Defendant has admitted in its answer the existence of a collective bargaining agreement and asserts that it "adequately represented Plaintiff in accordance with the terms" of the agreement. (Answer [Doc. No. 4] ¶ 9.) Defendant further asserts in its answer that Plaintiff's

8

rights to "employment, re-employment, seniority, etc. are circumscribed by the express terms of the applicable collective bargaining agreement." (Id. at ¶ 19.) The Court construes Plaintiff's claims concerning his rights of employment as a claim against Defendant for breach of the duty of fair representation in connection with the alleged failure of WPVI to rehire and/or recall Plaintiff. See e.g., Carlone v. Int'l Ass'n of Heat and Frost Insulators and Allied Workers Local Union No. 34, No. 09-CV-204, 2010 WL 2195463 (D.Minn. May 28, 2010) ("Given a fair reading, plaintiff's claimed violations of the Union's bylaws and constitution are simply designed to avoid his real claim the Union's breach of duty of fair representation.").

Similarly, the Court construes Plaintiff's second count as alleging a claim under federal law for a breach of the duty of fair representation. In his second count, Plaintiff alleges that Plaintiff's membership in Local 804 creates a fiduciary duty and that Local 804 breached that duty "by passing over Mr. Crusco for recall to broadcast technician positions at WPVI-6ABC, which had opened up after the plaintiff was furloughed." (Id. ¶ 14-15.) Plaintiff does not articulate further his cause of action and the Court construes his allegation as claiming that Local 804 failed to ensure Plaintiff was recalled with WPVI. This alleged failure, the

9

Court concludes, falls under the breach of the duty of fair representation. The "general duty of fair representation encompasses a duty of care, a duty of loyalty and a duty to represent adequately, honestly and in good faith. . . . It applies to union contract administration and enforcement, but also to negotiation activities and 'other instances in which a union is acting in its representative role.' . . . In other words, it is broad enough to include the union's failure to appropriately represent plaintiff in his quest for jobs." Bey v. I.B.E.W. Local Union No. 3, No. 05-CV-7910, 2008 WL 821862 at *16 n.16 (S.D.N.Y. Mar. 26, 2008)(citations omitted).

Having concluded that Plaintiff's first two counts arise under federal law, the Court now examines the statute of limitations issue. The statute of limitations for a breach of duty of fair representation is six months. DelCostello, 462 U.S. at 170. In DelCostello, the Supreme Court applied a six-month statute of limitations to breach of duty of fair representation claims, borrowing the six-month period established under § 10(b) of the NLRA for asserting unfair claims of labor practices. DelCostello, 462 U.S. at 170. In Wiggins v. String, the Third Circuit upheld a district court's decision to apply a six-month statute of limitations to the claims a pro se plaintiff alleged against a union

10

in the form of a breach of the duty of fair representation. 428 F. App'x 117, 118 (3d Cir. 2011). Likewise, in Nicole v. United Steelworkers of America, the Third Circuit affirmed a district court's application of the six-month statute of limitations to a plaintiff's claims against a union asserting fraud and a breach of fiduciary duty, which the Third Circuit construed as "quintessential claims for breach of fair representation." 331 F. App'x 909, 910-11 (3d Cir. 2009). In Lane v. Local Union 2-286, the Third Circuit held that the District Court properly applied the six-month statute of limitations to a pro se plaintiff's claims against a union. 169 F. App'x 693, 694 (3d Cir. 2006). In Lane, plaintiff's complaint alleged claims against the union alone, which the District Court construed as asserting breaches of the duty of fair representation. Lane, No. 04-1763, 2005 WL 1693934, at *3-4 (D.N.J. July 19, 2005).

The Court notes that in cases in which a union member asserts claims "entirely internal to the union," courts have looked to the "most analogous state law statute of limitations." See Bullock v. Dressel, 435 F.3d 294, 301 (3d Cir. 2006) (noting that under Reed v. United Transportation Union, 488 U.S. 319 (1989) "analogous state statute of limitations should be used for federal laws 'unless they frustrate or significantly interfere with federal polices.'"). See also Brenner v. Local 514, United Bhd. of

11

Carpenters and Joiners of Am., 927 F.2d 1283 (3d Cir. 1991). For example, in Brenner, plaintiffs asserted that the union failed to refer plaintiffs for jobs and otherwise discriminated against them due to their support of an opposition candidate in a union election. Brenner, 927 F.2d at 1286-87. In Bullock, plaintiffs sent a letter to the union's district vice president complaining about late payments from their employer. Bullock, 435 F.3d at 296. Plaintiffs asserted that as a result of the letter, they were discriminated against, faced hostility from other union members, and that job referrals for signatories to the letter "dropped off markedly." Id. In both cases, the Third Circuit found that because the disputes in question were entirely internal to the union, the policy considerations supporting the six-month statute of limitations set forth in DelCostello were not applicable and that the most analogous state law statute of limitations should be applied. Bullock, 435 F.3d at 301; Brenner, 927 F.2d at 1295. However, in this case, Plaintiff's dispute is that he was not recalled to a position with WPVI. In fact, Plaintiff asserts that "Local 804 had allowed WPVI-6 ABC to hire" younger and less qualified applicants and by doing so "failed to adequately and fairly represent Mr. Crusco." (Compl. ¶¶ 8, 9.) As Plaintiff alleges breaches resulting from Local 804's failure to address WPVI's failure to hire or recall Plaintiff, the

12

allegations in Plaintiff's complaint are not solely internal union issues. Plaintiff's decision not to sue his employer or refer to his collective bargaining agreement in the complaint does not alter the Court's conclusion that a six-month statute of limitations applies. See Carrington v. RCA Global Comm., Inc., 762 F. Supp. 632, 637 (D.N.J. 1991)(holding that plaintiff could not circumvent the six-month statute of limitations for "hybrid" actions by choosing to sue only his employer and not the union). The Court also rejects Plaintiff's assertion that a six-year statute of limitations applies because he asserts that he has pled claims for "common law causes of action for lost income, as opposed to personal injuries." (Pl's. Br. 1.) In support of his argument, Plaintiff relies upon Brown v. College of Medicine and Dentistry, 401 A.2d 288 (N.J. Super. Ct. Law Div. 1979). However, Brown was decided before the Supreme Court's decision in DelCostello and is not binding on this Court. Moreover, the Court, for the reasons set forth above, construes the first two counts as assertions of federal claims that are therefore governed by a six-month statute of limitations.

The Court now examines whether Plaintiff filed his complaint within the six-month statute of limitations. In so examining, the Court accepts as true Plaintiff's pleadings. Plaintiff asserts in his complaint that he was "furloughed in

13

January 2003" and that "in late November, 2009, [Plaintiff] learned that his union, Local 804, had not recalled him for job positions which had opened at WPVI-6 ABC." (Compl. ¶¶ 5, 7.) However, Plaintiff's complaint was not filed until November 1, 2011. (Id. at 5.) The six-month statute of limitations governing claims asserting breaches of the duty of fair representation "begins to run 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" Hersh v. Allen Products Co., Inc., 789 F.2d 230, 232 (3d Cir. 1986) (quoting Metz v. Tootsie Roll Indus., Inc., 715 F.2d 299, 304 (7th Cir. 1983)). Here, although the complaint is devoid of any specific allegation as to the date of the alleged violation or the exact date when Plaintiff should have discovered the alleged violation, Plaintiff asserts that "in late November, 2009," he "learned that his union, Local 804, had not recalled him for job positions which had opened at WPVI-6 ABC." (Compl. ¶ 7.) As Plaintiff did not file his complaint until almost two years after "late November, 2009," when Plaintiff allegedly learned of the alleged violations, Plaintiff's claims are time-barred under the applicable six-month statute of limitations. Therefore, Defendant's motion for judgment on the pleadings is granted with respect to Plaintiff's Counts One and Two.

14

Defendant further asserts that Plaintiff's Count Three asserting age, gender, and race discrimination is barred by the statute of limitations for the applicable anti-discrimination statute. (Def.'s Br. 6.) Defendant asserts that based on Plaintiff's employment in Philadelphia, Pennsylvania, Pennsylvania's substantive employment discrimination law governs any claims raised for employment discrimination. (Id.) Defendant further asserts that Plaintiff neither filed a complaint under the PHRA, nor exhausted his administrative remedies as required by the PHRA. (Def.'s Br. 7.) Defendant asserts that because Plaintiff was required to file a complaint under the PHRA within 180 days from the date of discovery, Plaintiff's claims for employment discrimination are barred. (Id.) Defendant further asserts that were New Jersey law to apply, Plaintiff has likewise failed to exhaust the administrative requirements under the NJLAD. (Id.)

Plaintiff, however, asserts that New Jersey law should apply because he is a resident of New Jersey and the only office of Local 804 in this region is in New Jersey. (Pl.'s Br. 3.) Plaintiff further asserts that the statute of limitations for an LAD claim is two years, and under the LAD, there is no requirement for exhaustion of administrative remedies before filing a complaint with the court. (Id.)

The Court notes that, although disputing the applicable state law, both parties address Plaintiff's Count Three as asserting a state law cause of action for discrimination. The Court has granted Defendant's motion for judgment on the pleadings as to Plaintiff's Count One and Count Two, the only federal claims in this case. This case is at an early stage of litigation and there is a dispute as to the appropriate state law governing the state law discrimination claim. Consequently, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim asserted in Count Three. 28 U.S.C. § 1367(c)(3). See Carrington, 762 F. Supp. at 645-46.

The Court notes that "when a complaint is vulnerable to dismissal on the pleadings, 'a district court must permit a curative amendment, unless an amendment would be inequitable or futile.'" Andela v. Am. Ass'n for Cancer Research, 389 F. App'x 137, 142 (3d Cir. 2010). In Andela, the Third Circuit found that while leave to amend is generally granted absent futility or inequity, the District Court properly denied plaintiff leave to amend because plaintiff had effectively conceded that no additional factual support could have been pled to cure the defects in the plaintiff's claims. Id. Here, there is no indication that Plaintiff would be able to cure the defects in his pleadings as to Count One and Two. Plaintiff alleges

16

that he learned of Local 804's failure to recall him to work approximately two years before filing suit, and therefore Plaintiff cannot cure, by way of amendment, the statute of limitations issue. As such, the Court grants Defendant's motion for judgment on the pleadings as to Count One and Two, and remands the remaining state law claim to state court.

      An appropriate order will be entered.

                                      s/ Ann Marie Donio
                                      ANN MARIE DONIO
                                      United States Magistrate Judge

Dated: September 28, 2012